**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rosaura N Flury, | No. CV-21-01068-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Marriott International Incorporated, | |
| Defendant. | |

In this action, *pro se* Plaintiff Rosaura Flury ("Plaintiff") asserts a claim against her former employer, Defendant Marriott International, Inc. ("Marriott"). Now pending before the Court is Marriott's motion to dismiss. (Doc. 12.) For the following reasons, the motion is granted.

## BACKGROUND

On June 21, 2021, Plaintiff initiated this action by filing a complaint. (Doc. 1.) In this version of the complaint, Plaintiff named two defendants—(1) Marriott and (2) a union known as Unite Here Local 11 ("Unite Here Local")—and asserted that the Court had jurisdiction over her claim pursuant to § 301(a) of the Labor Management Relations Act and pursuant to 28 U.S.C. § 1337(a), because she was asserting a "fair representation" claim. (*Id.* ¶¶ 1-4.)

As for factual allegations, the complaint alleged that Plaintiff began working as a housekeeper for Marriott in July 2012 (*id.* ¶ 6); that Plaintiff's work was, at relevant times, governed by a collective bargaining agreement ("CBA") (*id.* ¶ 5); that although Plaintiff

was assigned to work an eight-hour shift on April 7, 2019, she ended up working an additional hour of overtime that day at the request of her supervisor, who assured her "that the additional extra 1 hours for that day would be O.T. in addition to the scheduled 40 hr. work week that had just begun" (*id.* ¶ 8); that Plaintiff arrived at work on April 9, 2019, expecting to work an "assigned scheduled 8 hr. shift," but was then unexpectedly and without adequate notice told to clock out one hour early to negate the hour of overtime she had worked a few days earlier (*Id.* ¶¶ 10-11); that Plaintiff refused to clock out early in this fashion (*id.* ¶ 11); and that upon her arrival at work the following day, Plaintiff was "summarily 'fired' by hotel director, Ms. Romero, for alleged 'insubordination' because I did not clock-out 1 hour earlier the previous work day" (*id.* ¶ 11).   Based on these allegations, the complaint alleged that Marriott violated various provisions of the CBA. (*Id.* ¶¶ 12-14.)  Next, under the heading "UNIONS BREACH OF THEIR DUTY OF FAIR REPRESENTATION," the complaint lodged a series of accusations against Unite Here Local, alleging that union representatives failed to represent Plaintiff during a grievance meeting on April 15, 2019 and then failed to pursue arbitration on Plaintiff's behalf.  (*Id.* ¶¶ 15-17.)  The complaint alleged that Plaintiff received formal notice on June 20, 2020 of the union's decision not to pursue arbitration.  (*Id.* ¶ 17.)

Plaintiff also enclosed, as an attachment to the complaint, a copy of the CBA between Marriott and Unite Here Local.  (Doc. 1-1.)  Section 19 of the CBA sets forth the "Grievance and Arbitration Procedure."  (*Id.* at 13.)  It provides, in relevant part, that "[t]he provisions in this Section shall be the exclusive method to be followed by the Union and the associates in the adjustment or settlement of all grievances and disputes regarding the interpretation or settlement of this Agreement."  (*Id.*)

On July 9, 2021, Unite Here Local filed a motion for an extension of time to respond to the complaint, noting that it intended to file a motion to dismiss on the ground that Plaintiff's claim was time-barred under *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151 (1983), but that it had "not yet had an opportunity to" complete the meet-and-confer process with Plaintiff.  (Doc. 8.)

On July 12, 2021, Plaintiff filed the operative pleading in this action, the First Amended Complaint ("FAC"). (Doc. 11.) The only changes between the FAC and the original complaint were (1) to drop Unite Here Local as a party; (2) to drop Plaintiff's demand for damages against Unite Here Local; and (3) to add a new paragraph characterizing Plaintiff's claim against Marriott as "a 'straightforward breach' of contract claim." (Doc. 10 at 1-2, 11.) Still included in the FAC, unchanged from the original complaint, are the allegation that "the District Court has jurisdiction to decide plaintiff's 'fair representation' claim . . . [which] is a statutory duty implied from the grant to the UNION by section 9(a) of the National Labor Relations Act" (Doc. 11 ¶ 1) and the lengthy section entitled "UNIONS BREACH OF THEIR DUTY OF FAIR REPRESENTATION" (*id.* ¶¶ 14-16).

On July 29, 2021, Marriott filed the pending motion to dismiss. (Doc. 12.)

On September 3, 2021, Plaintiff filed a response. (Doc. 18.)

On September 13, 2021, Marriott filed a reply. (Doc. 19.)[1]

## DISCUSSION

I.   Legal Standard

"[T]o survive a motion to dismiss under Rule 12(b)(6), a party must allege 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144 (9th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678). "[A]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." *Id.* at 1444-45 (citation omitted). However, the Court need not accept legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 679-680. Moreover, "[t]hreadbare recitals of the elements

---

[1]      Marriott's request for oral argument is denied because the issues are fully briefed and argument would not aid the decisional process. *See* LRCiv 7.2(f).

1   of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 679.

2   The Court also may dismiss due to "a lack of a cognizable theory." *Mollett v. Netflix, Inc.*,

3   795 F.3d 1062, 1065 (9th Cir. 2015) (citation omitted).

4   II.   <u>The Parties' Arguments</u>

5           Marriott moves to dismiss the complaint for two reasons.  (Doc. 12.)  First, Marriott

6   argues that Plaintiff's claim is, in substance, a "hybrid Section 301 claim" because she is

7   alleging both that Marriott breached the CBA and that Unite Here Local violated its duty

8   of fair representation; that such claims are subject to a six-month statute of limitations; and

9   that Plaintiff's claim is therefore time-barred because she received notice of the union's

10  decision on June 20, 2020 but did not file suit until June 21, 2021, more than one year later.

11  (*Id.* at 1-6.)  Although Marriott acknowledges that Plaintiff has now dropped Unite Here

12  Local as a defendant, it argues this is immaterial and was a strategic (and ineffective)

13  attempt to avoid the six-month time bar.  (*Id.*)  Second, and alternatively, Marriott argues

14  that any hybrid § 301 claim necessarily fails on the merits because such a claim requires a

15  showing that the union's breach of the duty of fair representation "was discriminatory or

16  in bad faith" yet "the FAC does not allege an ulterior motive by the Union—let alone

17  additional circumstances to suggest some type of bad faith." (*Id.* at 6-10.)

18          Plaintiff filed a short response to Marriott's motion.  (Doc. 18.)  She argues that her

19  claim isn't a hybrid § 301 claim, but "a straightforward breach of labor contract claim

20  against defendant, Marriott, only." (*Id.* at 1.)  In support of this characterization, Plaintiff

21  cites two cases: *CNH Industrial N.V. v. Reese*, 138 S. Ct. 761 (2018), and *Int'l Union,*

22  *United Auto., Aerospace and Agricultural Implement Workers of Am. (UAW), AFL-CIO v.*

23  *Hoosier Cardinal Corp.*, 383 U.S. 696 (1966).  (*Id.* at 1-2.)  Plaintiff also contends that

24  "[t]here is no arbitrary 'bad faith' conduct (facts) on the part of the Union for the employee

25  (the plaintiff) to allege (even 6 months ago) since regardless they (the Union) agree with

26  the employer as to the outcome of my grievance." (*Id.* at 2.)

27          In reply, Marriott reiterates its position that Plaintiff's claim is a hybrid § 301 claim

28  regardless of whether the union remains a formal defendant; argues that the two cases cited

- 4 -

by Plaintiff are distinguishable; and argues that Plaintiff's concession as to the absence of bad faith and arbitrariness means that her claim also fails for reasons independent of the time bar.  (Doc. 19.)

III.    Analysis

Both of Marriott's dismissal arguments turn on whether Plaintiff's claim is properly characterized as a "hybrid § 301 claim."  As discussed below, the Court agrees that it is.

First, some background.  Section 301 is a provision of the Labor Management Relations Act.  Codified at 28 U.S.C § 1985, it provides in relevant part that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."  *Id.* § 185(a).  Here, Plaintiff is asserting a § 301 claim because she is accusing Marriott of violating various provisions of the CBA.  (Doc. 11 ¶¶ 11-13.)

The complicating factor in the § 301 context is that, "[a]s a general rule, members of a collective bargaining unit must first exhaust contractual grievance procedures before bringing an action for breach of the collective bargaining agreement.  Failure to utilize the grievance procedures, or to invoke them in a timely manner, bars grievants from pursuing remedies in court."  *Carr v. Pacific Maritime Ass'n*, 904 F.2d 1313, 1317 (9th Cir. 1990) (citations omitted).  Here, the copy of the CBA that Plaintiff attached to the complaint confirms that it requires compliance with the relevant grievance procedures (Doc. 11-1 at 13) and Plaintiff acknowledges in the FAC that she did not fully exhaust the CBA's grievance process (Doc. 11 ¶ ["I received a written letter from the 'Union' stating that my grievance regarding my termination had been denied by them, and that they were not going to pursue arbitration in my case as provided for in the CBA to resolve the 'grievance.'"]).

In *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151 (1983), the Supreme Court acknowledged that the grievance-exhaustion requirement could "work[] an unacceptable injustice when the union representing the employee in the grievance/arbitration procedure

acts in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation." *Id.* at 164.  Thus, the Court held that "[i]n such an instance, an employee may bring suit against both the employer and the union, notwithstanding the outcome or finality of the grievance or arbitration proceeding." *Id.*  "Such a suit, as a formal matter, comprises two causes of action.  The suit against the employer rests on § 301, since the employee is alleging a breach of the collective bargaining agreement.  The suit against the union is one for breach of the union's duty of fair representation, which is implied under the scheme of the National Labor Relations Act.  Yet the two claims are inextricably interdependent." *Id.* (citations and internal quotation marks omitted).  Critically, although "[t]he employee may, if he chooses, sue one defendant and not the other . . . the case he must prove is the same whether he sues one, the other, or both.  The suit is thus not a straightforward breach of contract suit under § 301 . . . but a hybrid § 301/fair representation claim." *Id.* at 165.  Such claims are "governed by [a] six-month" statute of limitations. *Id.* at 172.

Here, it is obvious that Plaintiff was attempting to pursue a hybrid § 301 claim at the outset of this action.  She sued both the employer and the union and specifically accused the union of violating its duty of fair representation.  This is a quintessential hybrid § 301 claim. *See, e.g., Bliesner v. Communication Workers of Am.*, 464 F.3d 910, 913 (9th Cir. 2006) ("A union owes a duty of fair representation to those it represents, and an employer must honor the terms of a CBA to which it is a party.  An aggrieved party may bring a hybrid fair representation/ § 301 suit against the union, the employer, or both.  In order to prevail in any such suit, the plaintiff must show that the union and the employer have both breached their respective duties.").

It is also apparent what happened next.  Upon receipt of the complaint, the union informed Plaintiff (while meeting and conferring about the union's impending motion to dismiss) that any hybrid § 301 claim would be time-barred under *DelCostello*, and Plaintiff responded by dropping the union as a defendant and attempting to re-characterize her claim as a *non*-hybrid, straight § 301 claim against Marriott that has nothing to do with the

1    union's representation.  This maneuver was not very precise, as the FAC continues to allege

2    that this Court "has jurisdiction to decide plaintiff's 'fair representation' claim (Doc. 11

3    ¶ 1) and still includes an entire section concerning the "UNIONS BREACH OF THEIR

4    DUTY OF FAIR REPRESENTATION" (*id.* ¶¶ 14-16).

5           This maneuver was also, in the final analysis, ineffective.  The Court is not required

6    to accept the *ipse dixit* in paragraph 2 of the FAC that "Plaintiff alleges this action to be a

7    'straightforward breach' of contract claim by the defendant, Marriott" because, under *Iqbal*

8    and its progeny, the Court need not accept legal conclusions couched as factual allegations.

9    The *substance* of the FAC—including the express allegations regarding the union's alleged

10   representation failures—makes clear that Plaintiff is alleging both a violation of the CBA's

11   provisions by Marriott and a violation of the duty of fair representation by the union.  *See,*

12   *e.g., Conley v. Int'l Brotherhood of Elec. Workers, Local 639*, 810 F.2d 913, 915 (9th Cir.

13   1987) ("The case before us is somewhat unusual in that it does not fit neatly into one

14   category or the other.  We conclude that it is more properly evaluated as a hybrid claim

15   and governed by the section 10(b) statute of limitations.  The essence of Conley's complaint

16   is that the union failed to act fairly on his behalf. . . .  Indeed, Conley alleged in his

17   complaint that the union acted 'in violation of its obligations' of fair representation and

18   sought redress through filing a charge with the NLRB.  The appropriate limitation is six

19   months."); *Thibodeaux v. Bay Area Building Material Teamsters*, 2017 WL 1493280, *4

20   (N.D. Cal. 2017) ("The Court finds the federal nature of the issues presented in this matter

21   is properly characterized as a 'hybrid' claim. . . .  The essence of the Complaint is that

22   Local 853 failed to act fairly on Plaintiff's behalf by, inter alia, (1) failing to present his

23   dispute to an arbitrator as required by the CBA, and (2) misrepresenting to Plaintiff that it

24   had exhausted the dispute-resolution process and that the Board's decision was final.  This

25   can be fairly characterized as a claim for breach of the duty of fair representation, as well

26   as a claim for breach of the CBA . . . [so the] six-month statute of limitation therefore

27   applies to Plaintiff's claims.").  It would be surprising if the Court were required to find

28   otherwise.  *Cf. Mohr v. Association of Flight Attendants, Local Council 66*, 2012 WL

2361729, *2 (D. Ariz. 2012) ("While a plaintiff is free to bring a suit against both the employer and the union, or a suit against only one of those parties, a plaintiff may not strategically alter the classification of the suit by bringing separate claims in hopes of being classified as a single-party, straightforward case.").

Because the FAC asserts a hybrid § 301 claim, it follows that it is subject to dismissal for the two reasons raised in Marriott's moving papers: first, it is time-barred; and second, Plaintiff cannot prevail on the fair representation component of the claim. *Flury v. Marriott Int'l Inc.*, 2020 WL 247271, *4 (D. Ariz. 2020) ("No non-conclusory allegations in the FAC imply the union's conduct was discriminatory or in bad faith.  Thus, even if Mrs. Flury's claim against Unite Here for breach of the duty of fair representation were ripe, the Court would dismiss it for failure to state a claim.").  The dismissal is under Rule 12(b)(6), for failure to state a claim.

Finally, leave to amend is not warranted because Plaintiff has not requested it and amendment would be futile.  Indeed, if Plaintiff removed all of the allegations regarding the union's representation, her § 301 claim against Marriott would be barred based on her failure, without excuse, to exhaust the CBA's grievance process.  *Cf. Kuang v. Bel Air Mart*, 205 F. Supp. 3d 1155, 1159-61 (E.D. Cal. 2016) (where plaintiff sought to avoid statute-of-limitations bar by "waiving his argument that the Union breached its duty of fair representation" and asserted that "he is not pursuing a hybrid claim in this action," granting summary judgment in the defendant's favor because the plaintiff had not exhausted his remedies under the CBA and could no longer point to the union's representation failures as a basis for overlooking the exhaustion requirement).

…

…

…

…

…

…

- 8 -

Accordingly,

**IT IS ORDERED** that Marriott's motion to dismiss (Doc. 12) is **granted**.  The Clerk is directed to enter judgment accordingly and terminate this action.

Dated this 14th day of January, 2022.

Dominic W. Lanza
United States District Judge